And when they proceeded, under these circumstances, to execute such trusts, I consider that they acted at the peril of losing all compensation for their services, if creditors should interpose and the trust be declared fraudulent, by reason of facts within their knowledge.

I do not impute to them any intentional wrong; but the principles of law must be applied to their case. Upon those principles they were executing trusts fraudulent as against creditors, and they had at least constructive knowledge of the fraud. They cannot be treated as creditors upon the footing of a claim for such services. The claim to retain for the retainers engaged to be paid to counsel is still less tenable. If they cannot retain for their own services, rendered before creditors interposed, certainly they cannot for payments made to resist creditors, by setting up a deed, invalid as against creditors, because actually fraudulent.

---

## Case No. 6,202.

### HASTINGS v. THOMPSON.

[See Syllabi, 198.]

---

HASTINGS (UNITED STATES v.). See Case No. 15,323.

HASTINGS BANK (HAWKINS v.). See Case No. 6,244.

HASTINGS NAT. BANK (HAWKINS v.). See Case No. 6,245.

HATCH (BANK OF THE UNITED STATES v.). See Case No. 918.

---

## Case No. 6,203.

### HATCH v. BURROUGHS.

[1 Woods, 439.] [1]

Circuit Court, S. D. Georgia. Nov. Term, 1870.

BANKS—PERSONAL LIABILITY OF STOCKHOLDERS—BILLS ISSUED IN AID OF THE WAR OF REBELLION—BONA FIDE HOLDER FOR VALUE.

1. The stockholders of the Merchants and Planters' Bank of Savannah, whose charter provides "that the persons and property of the stockholders shall be at all times liable, pledged and bound for the redemption of the bills and notes of the bank, at any time issued, in proportion to the number of shares that each individual may hold and possess," are liable as principals to redeem the bills of the bank at their face, after the bills have been presented to the bank and payment refused, although the assignee of the bank has assets in his hands sufficient to pay the bills.

2. Acts of the legislature of Georgia which show upon their face that they were passed in furtherance of the rebellion are void.

3. No matter how illegal or immoral the consideration of a note or bill may be, it is valid in the hands of a bona fide holder for value, unless made absolutely void by statute. Notes. bills, or other securities issued in aid of the rebellion

[1] [Reported by Hon. William B. Woods. Circuit Judge, and here reprinted by permission.]

are valid in the hands of a bona fide holder, for value.

[Cited in Third Nat. Bank v. Harrison, 10 Fed. 247.]

[Cited in Sondheim v. Gilbert, 117 Ind. 77, 18 N. E. 687; Bank v. Portner, 46 Ohio St. 385, 21 N. E. 664.]

4. The act of congress entitled "An act to admit the states of North Carolina, etc., to representation in congress," passed June 25, 1868 [5 Stat. 73], did not attempt to reenact the constitutions of the states, but merely recognized the fact that they had been adopted by the people, and that the states were entitled to representation in congress.

Heard on demurrer to pleas.

Wm. Dougherty and A. W. Stone, for plaintiff.

W. S. Basinger, Wm. Law, J. M. B. Lovell, and Robert Falligant, for defendant.

Before WOODS, Circuit Judge, and ERSKINE, District Judge.

WOODS, Circuit Judge. The declaration alleges in substance that on January 1, 1860, the defendant became a stockholder in the Merchants and Planters' Bank of Savannah, being the owner and holder of 100 shares in the bank, and that he still owns and holds the same. That by an act of the legislature of Georgia, dated February 13, 1854, said bank was incorporated as such. That in and by the act of incorporation it was provided that the persons and property of the stockholders should at all times be liable, pledged and bound for the redemption of the bills and notes at any time issued, in proportion to the number of shares that each individual might hold and possess. That on the times specified in the declaration, the said bank issued and put in circulation the bills or notes commonly called bank bills, which are set out and described, making in the aggregate the sum of fifty thousand dollars. That afterwards the said bank bills came into possession of petitioner for a valuable consideration then and there paid by him, and he is now the owner and holder and bearer thereof. That afterwards, to-wit, on the 8th day of January, 1867, he presented said bills to the president and cashier of said bank for payment, and payment was refused. That on March 15, 1867, he instituted a suit against the bank for the recovery of the money due on said bills in the circuit court of the United States, for the Southern district of Georgia, and on November 25, 1867, recovered judgment against defendant in said court for $50,000, interest and costs, and that afterwards on May 23, 1868, an execution was issued on said judgment and returned nulla bona. That the bank is insolvent, has suspended payment, and is without property out of which said judgment can be made. To this declaration the general issue and eight special pleas were filed. On the 23d day of October, 1869, by leave an amendment was filed to the declaration, to the effect that on December first. 1866, plaintiff purchased the